MAZZOLA LINDSTROM LLP
Shan (Jessica) Chen
*Counsel for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280 (m) 347-652-9046
jessica@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------x
KEVIN BEASLEY and KEVIN BEASLEY
STUDIO, LLC,

        Plaintiffs,

   -against-

Michael Fanelli,

        Defendant.

------------------------------------------------------------------x

Civil Action No.:
3:24-cv-09172-MAS-RLS

**Certification in Support of Request for Entry of a Default Judgment**

I, Shan Chen, being duly admitted to practice before this court, state as follows under penalty of perjury pursuant to 28 U.S.C. 1746:

1. This certification is made in support of the plaintiffs Kevin Beasley and Kevin Beasley Studio, LLC's request for entry of a default judgment against the defendant Michael Fanelli in this action.

2. I am the attorney for the plaintiffs and have personal knowledge of the following facts.

3. On May 15, 2024, plaintiffs Kevin Beasley and Kevin Beasley Studio, LLC obtained a judgment from the Supreme Court of the State of New York, County of New York on a claim of fraud against defendants, Bayview Auto Wreckers, Inc. and Michael Fanelli, jointly and severally, in the amount of $878,479.31 (See Exhibit A. Judgment).

4. On September 13, 2024, plaintiffs filed an action in this court to recover moneys due as per the judgment that was entered by the Supreme Court of the State of New York, County of New York, with jurisdiction being based upon diversity of citizenship.

5. The defendant was served with the summons and complaint herein on October 29, 2024, as shown by the proof of service that was filed with this Court on October 31, 2024. (DE 6),

6. On December 9, 2024, plaintiff filed a request for a Clerk's Entry of Default (DE 8), and on December 12, 2024, the clerk of this Court docketed the "Clerk's Entry of Default" due to defendant Michael Fanelli's failure to plead or otherwise defend against the complaint.

7. The New York judgment is entitled to full faith and credit, under Article IV, Section 1 of the U.S. Constitution, and thus this Court, sitting in diversity, is obligated to apply the law as would a New Jersey court (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)), which in this case would have to apply the Full Faith and Credit Clause of the Constitution, and grant judgment against defendant Fanelli.

8. Under the law of New York (CPLR 5004), the plaintiffs are entitled to 9% interest on the New York judgment. That statute provides as follows:

> CPLR § 5004. Rate of interest. (a) Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute; provided the annual rate of interest to be paid in an action arising out of a consumer debt where a natural person is a defendant shall be two per centum per annum (i) on a judgment or accrued claim for judgments entered on or after the effective date of the chapter of the laws of two thousand twenty-one which amended this section, and (ii) for interest upon a judgment pursuant to section five thousand three of this article from the date of the entry of judgment on any part of a judgment entered before the effective date of the chapter of the laws of two thousand twenty-one which amended this section that is unpaid as of such effective date.

9. To my best knowledge, defendant Michael Fanelli is not an infant, an incompetent person, or in the military service of the United States.

10. The underlying action does not arise out of consumer debt.

11. Accordingly, it is respectfully requested that the judgment to be entered herein include interest at the rate of 9%, as measured from the date of entry of the New York judgment, or such other rate as is deemed reasonable by the court.

12. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, plaintiffs Kevin Beasley and Kevin Beasley Studio, LLC respectfully request that this Court grant judgment in the following amounts, as alleged in the complaint:

(1) $878,479.31;

(2) interest thereon at the legal rate of 9%, or such other rate as is deemed reasonable by the Court, measured from May 15, 2024; and

(3) costs of $405 for the filing of the complaint herein, and $420 for service of process (See Exhibit B. Costs of Service of Process), which was reasonably incurred in serving of process, totaling $825, or such lesser number as is deemed reasonable by the Court.

Dated: New York, New York
December 19, 2024

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

_____
Shan (Jessica) Chen
*Counsel for plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280 (m) 347-652-9046
jessica@mazzolalindstrom.com

3