UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x Case No.:
                                                                             3:24-cv-09172-MAS-RLS

KEVIN BEASLEY and KEVIN BEASLEY
STUDIO, LLC,

       Plaintiffs,

       -against-

MICHAEL FANELLI,

       Defendant.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT, FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' CLAIM, AND FOR A STAY ON ENFORCEMENT**

                                         WILKOFSKY, FRIEDMAN,
                                            KAREL & CUMMINS

                     By:  *Harry Cummins*
                         HARRY CUMMINS
                         299 Broadway, Suite 1700
                         New York, New York 10007
                         hcummins@wfkclaw.com
                         (212) 285-0510

Defendant, MICHAEL FANELLI ("Fanelli"), by and through his attorneys, WILKOFSKY, FRIEDMAN, KAREL & CUMMINS, hereby moves before the Court for an order vacating the entry of default judgment against Fanelli, permitting Fanelli to file his Answer to the Complaint of Plaintiffs, and for a stay on enforcement, and in support thereof, states as follows:

## BACKGROUND

This matter was commenced by Plaintiffs, with the filing of a Complaint in the United States District Court, for the District of New Jersey, on or about September 13, 2024. See Exhibit "1." Service was allegedly effectuated on Fanelli by posting at 1 Denise Court, Manalapan, New Jersey 07726 on or about October 29, 2024. In reality, the process server, John McGuinness, left the Summons and Complaint in Fanelli's driveway, and made no attempt to personally serve Fanelli.

Fanelli is a layman who did not know the meaning of the documents he found. In an attempt to understand the situation, he called Plaintiffs' counsel. Ms. Chen misdirected Fanelli by advising him to write a letter to the Court, which was received on or around November 8, 2024. See Exhibit "2." The letter emphasized that Fanelli was never served. Said letter was not mentioned in Order from the Court. See Exhibit "3."

On or about December 9, 2024, Plaintiffs filed a request for entry of default judgment, which was entered on or about December 19, 2024, and ordered on or about December 20, 2024. See Exhibit "4."

The judgment that was entered in this enforcement action stems from a breach of contract claim against this Defendant and Bayview Auto Wreckers, Inc., in the New York State Supreme Court, New York County; Index No.: 651397/2021 (the "New York action"). The Complaint in

2

that action is attached hereto as Exhibit "6," and was filed on or about March 2, 2021. A default judgment was entered against both Defendants on or about May 15, 2024. See Exhibit "3." However, Fanelli was unaware of the New York action until he found the Summons from this action in his driveway.

## ARGUMENT

I.  **LEGAL STANDARD**

The standard for relief from a final judgment is governed by Federal Rule of Civil Procedure 60(b)(1), which states, in pertinent part, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) further states that relief from a judgment may be granted for "any other reason justifying relief from the operation of judgment." Relief under the Rule requires that the motion be made within one year from the date of judgment. As this motion is being made within three weeks of the order, this Court may look to either subsection of Rule 60 for relief.

The Third Circuit has consistently held that "it does not favor entry of defaults or default judgments." *U.S. v. $55,518.05*, 728 F.2d at 194. The Court has held that "a standard of 'liberality,' rather than 'strictness' should be applied in an action on a motion to set aside a default judgment." *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir 1976). Where there is any doubt about whether to vacate a default judgment, the Third Circuit holds that such doubt should be resolved in favor of the petitioner to set aside the judgment so that cases can be decided on their merits. *U.S. v. $55,518.05* at 195; *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Court has further held that "matters involving large sums should not be

determined by default judgments if it can be reasonably avoided. *Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242 (3d Cir. 1951).

In general, the 3rd Circuit has used three factors in evaluating whether to grant a motion under Rule 60: (1) Whether the Plaintiff(s) will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default. *Duncan v. Speech*, 162 F.R.D. 43, 44 (E.D. Pa 1995); *Accuweather v. Reuters*, 779 F. Supp. 801, 802 (M.D. Pa 1991); *Hritz v. Woma*, 732 F.2d 1178 (3d Cir. 1984).

### II. PLAINTIFFS WILL NOT BE PREJUDICED IF THIS MOTION IS GRANTED

As it pertains to potential prejudice to the plaintiff, prejudice is established when a plaintiff's ability to pursue the claim has been hindered… [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment. *Westfield Ins. Co. v. Arnold*, No. 1:23-cv-00784, 2024 WL 3927257 (M.D. Pa. Aug. 23, 2024); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 524 (3d Cir. 2006).

Here, there would clearly be no prejudice to Plaintiffs if the present motion is granted. Plaintiffs would still be free to litigate their claim on its' merits. There is no risk that vacating the default judgment against Fanelli would increase the potential for fraud or collusion. Further, Plaintiffs have yet to rely on the judgment at all, as no action has been taken on the judgment other than filing this action with the Court. Accordingly, the first prong of the test is met by Defendant.

### III. MICHAEL FANELLI HAS A MERITORIOUS DEFENSE TO THE ACTION

A meritorious defense is presumptively established when the allegations of Defendant's answer, if established on trial would constitute a complete defense to the action. *Tozer* at 244.

To establish a prima facie case of breach of contract, a plaintiff must show: (1) a contract existed between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations. *Doe v. Bank of Am., N.A.*, No. CV 16-3075, 2018 WL 295565 (D.N.J. Jan. 3, 2018); *Baymont Franchise Sys., Inc. v. R.S. Hosp., LLC*, No. CV1504067WHWCLW, 2018 WL 3410031 (D.N.J. July 12, 2018).

By Plaintiffs' own admission, Fanelli has no liability in regard to the judgment, because no contract existed between the parties. In support of the New York action, Plaintiffs filed an "Affidavit of Michael Beasley in support of motion for default." See Exhibit "7." In both paragraph 23 and 25 of that affidavit, Mr. Beasley expressly stated that he "contracted <u>with Bayview</u>," and not with Fanelli. (emphasis added.) The judgment creditor has acknowledged that any agreement, which there is no copy of, is with Bayview Auto Wreckers. Plaintiffs have thus shown that Fanelli was not a party to this purported contract. In fact, as set out in his affidavit, Mr. Fanelli had no knowledge of the alleged contract.

## IV.     FANELLI DID NOT ENGAGE IN ANY CULPABLE CONDUCT THAT LED TO THE DEFAULT

In this action, Defendant Fanelli has clearly not engaged in any culpable conduct that led to the default. Defendant merely found the summons and complaint in his driveway, called opposing counsel, and submitted the aforementioned letter to the Court. Defendant is a layperson who did not understand the documents that were left at his house, or which steps he should have taken to resolve the issue. In fact, he was in shock upon learning that there was a New York State judgment against him related an action which was started over three years before. The record unambiguously shows that Fanelli did not engage in any culpable conduct which led to the default, and therefore, Defendant has met the third prong required for this motion to be granted in full.

### V.     PLAINTIFFS DID NOT PROPERLY SERVE DEFENDANT

Despite the foregoing, in case the Court is not convinced that Defendant has met the standard required to vacate the judgment, it is important to note that Fanelli was not properly served in this action.  In Plaintiffs' return of service, filed with this Court on or about October 31, 2024, (Exhibit "8"), process server John McGuinness made the following statements, declared under the penalty of perjury.

1. "10/22/2024: Attempted Service: MICHAEL FANELLI, 1 DENISE CT, MANALAPAN, NJ 07726.  No answer at door.  Landscaper confirmed somebody was home.  A male answered the video doorbell confirmed that Michael did live there and then asked me why I am here.  I explained my reason for being here and became irate and said Michael is somewhere traveling.  He does not know where and does not know when he'll be back.  Four cars parked in the driveway neighbor next-door confirmed Michael does live at #1 but would not provide any further information."
2. "10/28/24: Attempted service at 1 DENISE CT, MANALAPAN, NJ 07726.  No lights are on multiple cars in the driveway.  Video doorbell is working.  Talk to neighbor who confirmed entity does live here."
3. "10/29/2024: Service made by POSTING for MICHAEL FANELLI at 1 DENISE CT, MANALAPAN, NJ 07726.  No answer.  Multiple cars were in driveway.  Multiple lights were on inside.  Doorbell was working, but no one would answer.  Attempting to evade.  Documents posted in accordance to RULE: 4:4-4, 2.1.3. Mode of Delivery PEOPLES TRUST CO. v. KOZUCK, 98 N.J. Super 235 (Law Div. 1967), aff'd d.o.b. 103 N.J. Super. 151 (App. Div.), certif.. den 53 N.J. 78 (1968), cert. DEN. 395 U.S. 966 (1969)."

These claims of attempts of service are categorically untrue.  Neither Defendant Fanelli, nor any other members of his household, ever spoke with a process server.  Fanelli was only placed on notice of this lawsuit when he found the papers laying on his driveway.

### VI.     CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in the accompanying Affidavit of Michael Fanelli, this Court should grant the instant motion seeking to vacate default judgment, for leave to file answer to Plaintiffs' claim, and for a stay on enforcement.

                                            WILKOFSKY, FRIEDMAN,
                                              KAREL & CUMMINS

                           By:   *Harry Cummins*
                                  HARRY CUMMINS
                                  299 Broadway, Suite 1700
                                  New York, New York 10007
                                   hcummins@wfkclaw.com
                                  (212) 285-0510

HC: ab
24J179.L3