Case 3:24-cv-09172-MAS-RLS    Document 14-5    Filed 01/16/25    Page 1 of 3 PageID: 86

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------------x

KEVIN BEASLEY and KEVIN BEASLEY
STUDIO, LLC,

                **Index N**o.: 651397/2021

        Plaintiffs,

      -against-                 **DECISION AFTER INQUEST**

BAYVIEW AUTO WRECKERS, INC., MICHAEL
FANELLI, and DOES 1-10,

        Defendants.
-------------------------------------------------------------------------------x

    **Whereas**, a summons and complaint was filed herein on March 2, 2021 by plaintiffs

Kevin Beasley and Kevin Beasley Studio LLC against defendants Bayview Auto Wreckers, Inc.

and Michael Fanelli, seeking recovery of compensatory, consequential and punitive damages due

to, inter alia, fraud and conversion by the defendants of the plaintiffs' property, resulting in the

total loss of value thereof (NYSCEF Dkt. #1);

    **Whereas**, defendants Bayview Auto Wreckers and Michael Fanelli were duly served with

the summons and complaint and the affidavits were duly docketed (Dkt. #2 & #3);

    **Whereas**, defendants failed to timely answer the complaint, and a motion for default was

duly served and filed (Dkt. #12-18);

    **Whereas,** defendants, having failed to oppose the motion for a default judgment, and the

papers submitted in support thereof having been deemed good and sufficient to demonstrate

entitlement to the relief sought, by decision and order of the Honorable Lawrence Love, dated

August 20, 2021, ordered that plaintiffs have judgment against the defendants on each of their

claims, including fraud and conversion and directing an inquest on damages (Dkt. 19);

    **Whereas**, the order was duly served with notice of entry on August 24, 2021 (Dkt. 20);

1

Case 3:24-cv-09172-MAS-RLS    Document 14-5    Filed 01/16/25    Page 2 of 3 PageID: 87

**Whereas**, a note of issue for an inquest on damages was served and filed August 24, 2021 (Dkt. 21);

**Whereas**, the Court ordered an inquest to proceed on November 29, 2023, and the defendants were duly served with notice of the inquest date (Dkt. 25);

**Whereas**, the matter was heard on November 29, 2023, on the inquest calendar, which the defendants failed to attend;

**Whereas**, attorneys Richard E. Lerner and Wendy J. Lindstrom appeared on behalf of the plaintiffs, and plaintiff Kevin Beasley appeared as a witness in his own behalf and on behalf of plaintiff Kevin Beasley Studio, LLC, and Mr. Casey Kaplan appeared as an expert and percipient witness on behalf of the plaintiffs, and at the inquest the attorneys and the witnesses demonstrated entitlement to the damages sought on the claim of fraud, through documentary evidence as well as through the credible and consistent testimony of both plaintiff Kevin Beasley as well as the witness Mr. Casey Kaplan;

**Whereas**, the plaintiffs, through the affirmation of attorney Richard E. Lerner and the accompanying affidavits of Kevin Beasley and Casey Kaplan, along with the exhibits annexed to the Beasley and the Kaplan affidavits substantiated their claims to the damages sought, as previously demonstrated during the inquest (Dkt. #25 et seq. );

**IT IS NOW:**

**ORDERED and ADJUDGED**, that plaintiff Kevin Beasley, of 225 west 139th, New York, New York 10030 and plaintiff Kevin Beasley Studio, LLC, of 37-24 24th Street, Long Island City, New York 11101, jointly recover from defendants Bayview Auto Wreckers Inc., of 3333 Richmond Terrace, Staten Island, New York 10303, and Michael Fanelli of (last known address) 562 Hasbrouk Road, Woodbourne, New York 12788, jointly and severally, the principal

2

sum of $375,773.49 in compensatory damages as to plaintiffs' claim of fraud, and $350,000 in

exemplary damages, also as to the claim of fraud, for a subtotal of $725,773.49 with interest

accruing at the rate of 9% from January 22, 2022, the date of discovery of the fraud, for a total

sum of $_____ plus interest thereon from November 25, 2019 through the date of

judgment at the rate of 9% (such interest being $_____), interest to be calculated by the

judgment clerk, for a total judgment of $_____, and the plaintiff have execution

therefor; and

      **ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS FURTHER:**

      ADJUDGED that plaintiffs have one bill of costs of $1,665.40, and plaintiffs have

execution therefor.

Dated: New York, New York
      January 10, 2024

_____
Hon. Adam Silvera, J.S.C.

3