IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
Kevin Beasley and Kevin Beasley
Studio, LLC,

              Plaintiffs,                           Civil Action No.:
                                                          3:24-cv-09172-MAS-RLS

    -against-

Michael Fanelli,

              Defendant.
-------------------------------------------------------------------x

## Declaration in Opposition to Motion to Vacate Default Judgment

    I, Shan Chen, state under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

    1.    I am an attorney with Mazzola Lindstrom LLP, counsel for plaintiffs Kevin Beasley and Kevin Beasley Studio, LLC. I am admitted to practice before this court, the courts of New Jersey and the courts of New York.

    2.    I submit this declaration and its exhibits, as well as the accompanying memorandum of law, in opposition to defendant Michael Fanelli's motion to vacate the default judgment that was entered against him. Having reviewed the file maintained for the prosecution of this action, as well as the docket of this matter, as

well as the underlying New York state court matter, I am familiar with the facts set forth herein. Attached hereto are the following exhibits:

Exhibit A – Declaration of process server John McGuinness, dated January 24, 2025, showing photographs at times of service, including photo showing summons and complaint affixed to door on October 29, 2024 around 6:19 pm.

Exhibit B – LexisNexis search results showing names, ages, and addresses of Mr. Fanelli's sons, to demonstrate that they were adults at time of service.

Exhibit C – Affidavit of service upon defendant Fanelli's company Bayview Auto Wreckers, Inc., of New York state court action via the New York Secretary of State, as agent for service of process.

Exhibit D – Current New York State Secretary of State record of Bayview Auto Wreckers, Inc., showing it is an active business, with a business address at 31 Eagle Rd, Staten Island, New York.

Exhibit E – DMV records search that was performed on March 17, 2021 showing defendant Fanelli's address at 562 Hasbrouck Road in Woodbourne, New York.

Exhibit F – Affidavit of service (via substitute service) upon defendant Fanelli of New York state court action at 562 Hasbrouck Road in Woodbourne, New York on March 19, 2021.

Exhibit G – Declaration of plaintiff Kevin Beasley dated January 28, 2025, with photographs showing defendant Fanelli and Mr. Beasley speaking with each other, and demonstrating that Mr. Fanelli's claim to have had no involvement in the underlying matter to be false.

3. In this matter, a judgment was entered against defendant Fanelli in New York, and the instant proceeding was brought to domesticate in New Jersey the New York judgment. Defendant Fanelli was served with the summons and complaint herein on October 29, 2024 (DE 6), the December 9, 2024 request for

2

the clerk's entry of default on the docket pursuant to Fed. R. Civ. P. 55(a) (see DE 8, p.2), and the request for entry of default judgment on December 19, 2024 (see DE 9, p.2).

4.  In his declaration in support of the motion to vacate the judgment, defendant Fanelli acknowledges that he does indeed reside at the address where service was effectuated by the process server, and where the request for the clerk's entry of default and the application for a default judgment were served. Mr. Fanelli states: "my son found a document lying at the foot of the driveway at **my home at 1 Denise Ct., Manalapan, New Jersey**." (DE 14-2, ¶2.) As the declaration of service of the summons and complaint shows (DE 6), service was made via substitute service at that address in accordance with N.J. Court Rule 4:4-4.

5.  John McGuiness, the process server, stated in his declaration of service (DE 6) that a first attempt at service was made on October 22, 2024, at 2:54 pm, that a person confirmed that "Michael" did reside there, and that the person became irate when the process server stated his reason for being there. A landscaper confirmed that someone was indeed home, there were four cars in the driveway, and a neighbor confirmed that Michael Fanelli resided at the service address. Mr. McGuinness re-tried service at 8:14 am on October 28th, and though there were "multiple" cars in the driveway, and the doorbell was working, no one answered the door. Finally, Mr. McGuinness returned for a third attempt on

3

October 29th at 6:19 pm, at which time "multiple lights were on inside" and there were multiple cars in the driveway. The doorbell was working, but no one would answer. Accordingly, Mr. McGuinness posted the summons and complaint, along with the civil cover sheet and corporate disclosure statement, in a conspicuous place on the property.

6. Mr. McGuinness has substantially confirmed the above in his additional declaration submitted herewith as Exhibit A, which contains photographic proof that the suit papers were affixed to Mr. Fanelli's front door.

7. Based upon the foregoing, service, via affixation to the front door, was clearly in accordance with the statute, as discussed in the accompanying memorandum of law.

8. Docket entry 7 herein is an unsworn letter from defendant Fanelli, in which he states that his son found the "paperwork … in the driveway." However, no declaration was then submitted by Mr. Fanelli's son. Nor has one been submitted in support of defendant Fanelli's motion to vacate the judgment, to rebut the process server's statement in his declaration of service (DE 6) that he had posted the papers in a conspicuous place at the premises. Rather, what defendant Fanelli presents is hearsay – *viz.*, that his son told him that he had found the summons and complaint at the end of the driveway.

4

9. As Exhibit B hereto shows, Mr. Fanelli had two sons (upon information and belief, his only sons), named Christopher Fanelli and Michael Joseph Fanelli, both of whom were well over fourteen years of age. Michael Joseph Fanelli may be distinguished from his father defendant Michael Fanelli by the son's being married to Vanessa Fanelli.

10. In his declaration in support of the instant motion to vacate, Mr. Fanelli states "nor was anyone at my home contacted by a process server attempting to serve papers." (DE 14-2, ¶3).[1] Apart from that there is no declaration from any of these other family members or residents of his home indicating that no one had rung the doorbell, Mr. Fanelli's statement that there were indeed other family members at his home corroborates the process server's statement that there were indeed people in the house who would not answer the doorbell. After all, to say that no one at home had heard the bell ring is to confirm that there were indeed people at the home.

11. Mr. Fanelli says he was traveling when service was effectuated, but has failed to include any corroborating evidence – a hotel receipt, or copies of

---

[1] It really makes no sense for a process server to go to someone's house three times without ringing the doorbell. Process servers get paid a single fee for at least three attempts, so if the door is opened the first time, then the process server does not have to return two more times. There is simply no motive to not ring the doorbell.

airplane, train or bus tickets, which, these days are emailed to the traveler – which could have been offered to show that he was actually traveling.

12. While Mr. Fanelli states that he called me to ask me what the lawsuit was about, I did explain to him that it was a New York judgment rendered against him and I was the attorney who had filed the case in New Jersey because we found out that he moved from New York to New Jersey, and that he or his attorney should answer or direct any objections to the court and email us regarding it. I did not tell him that I knew nothing about the case.

13. As for the underlying state-court action, which was commenced in New York on March 2, 2021, the New York State Supreme Court found that the defendants were properly served with process in its decision after inquest: (see DE 14-5, pp.1-2) (emphasis added)

> **Whereas**, defendants Bayview Auto Wreckers **and Michael Fanelli were duly served** with the summons and complaint and the affidavits were duly docketed (Dkt. #2 & #3);
>
> **Whereas**, defendants failed to timely answer the complaint, and a motion for default was duly served and filed (Dkt. #12-18);
>
> **Whereas**, defendants, having failed to oppose the motion for a default judgment, and the papers submitted in support thereof having been deemed good and sufficient to demonstrate entitlement to the relief sought, by decision and order of the Honorable Lawrence Love, dated August 20, 2021, ordered that plaintiffs have judgment against the defendants on each of their claims, **including fraud and conversion and directing an inquest on damages** (Dkt. 19);
>
> **Whereas**, the order was duly served with notice of entry on August 24, 2021 (Dkt. 20);

6

**Whereas**, a note of issue for an inquest on damages was served and filed August 24, 2021 (Dkt. 21);

**Whereas**, the Court ordered an inquest to proceed on November 29, 2023, and the defendants were duly served with notice of the inquest date (Dkt. 25);

**Whereas**, the matter was heard on November 29, 2023, on the inquest calendar, which the defendants failed to attend; …

14. This forum – the District of New Jersey – is the wrong forum to belatedly challenge the New York judgment, and therefore defendant's purported showing of a meritorious defense to this federal action is no such thing. In any event, we note that in the New York state court action, defendant Bayview was served via the New York Secretary of State. (See exhibit C). As the New York Secretary of State website shows, Bayview is still an active business, and the registered address is 31 Eagle Rd, Staten Island, NY 10314 and its principal executive office address is 3333 Richmond Terr, Staten Island, NY 10303. (See exhibit D).

15. In New York, service upon a corporation via the Secretary of State is customary, as the Secretary of State is designated as agent for service of process on the registration documents, as NY BCL § 306 makes clear: (emphasis added)

> **NY Business Corporation Law § 306. Service of Process**
>
> (a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.
>
> (b) (1) **Service of process on the secretary of state as agent** of a domestic or authorized foreign corporation shall be made in the

7

manner provided by clause (i) or (ii) of this subparagraph. Either option of service authorized pursuant to this subparagraph shall be available at no extra cost to the consumer. **(i) Personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee**, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served. **The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file** in the department of state, specified for the purpose.…

16. As for service upon Mr. Fanelli, when the case was commenced, he resided at 562 Hasbrouck Road in Woodbourne, New York, as confirmed by a DMV records search that was performed on March 17, 2021 (see exhibit E),[2] and service was effectuated at that address two days later on March 19, 2021. (See exhibit F).

17. Accordingly, service of the New York state court action was properly effectuated upon both Mr. Fanelli and his company. While Mr. Fanelli claims that he knew nothing about the New York state court lawsuit, this is quite simply incredible (and irrelevant, it being a collateral attack on the New York judgment), because his company Bayview Auto Wreckers is still listed on the New York Secretary of State's website as an active business (see Ex. D), and the Secretary of

---

[2] The DMV search shows that Michael J. Fanelli was born on June 28, 1958, so there should be no confusion with his son, also named Michael, who was born in 1987 (see Ex. B hereto, p. 35).

8

State mails the summons and complaint to the company that is served at its on-file address. If Mr. Fanelli did personally receive his copy of the summons and complaint that were served at the 562 Hasbrouck Road address that was on file with the DMV on March 19, 2021 (see Ex. E), then he surely received it in the mail from the New York Secretary of State, albeit the one that Secretary of State would have mailed to his company.

18. In any event, since service was proper, in accordance with New York law, Mr. Fanelli has failed to demonstrate that he has a meritorious defense to this federal action, which merely seeks to domesticate in New Jersey the New York judgment.

19. Finally, Mr. Fanelli feigns ignorance of the underlying dispute, and says in his affidavit that only an employee of his company Bayview Auto Wreckers had contact with Mr. Beasley. As Mr. Beasley demonstrates in his accompanying declaration dated January 28, 2025 (exhibit G hereto), and through the contemporaneous photographs showing the two engaging with each other, it is simply false that only some other Bayview employee interacted with Mr. Beasley. But this too is irrelevant to the instant matter, as Mr. Fanelli's claim to have had no involvement in the transaction that resulted in the New York court's finding that he had defrauded Mr. Beasley is nothing more than a collateral attack on the New York judgment.

WHEREFORE, upon the facts set forth herein and in the accompanying exhibits, and for the reasons set forth in the accompanying memorandum of law, defendant Michael Fanelli's motion to vacate the judgment rendered against him must be denied.

Dated:   New York, New York
         January 30, 2025                    Respectfully submitted,

                                             MAZZOLA LINDSTROM, LLP

                                             _____
                                             Shan (Jessica) Chen
                                             *Counsel for plaintiffs*
                                             1350 Avenue of the Americas, 2nd Floor
                                             New York, New York 10019
                                             (d) 646-416-6280 (m) 347-652-9046
                                             jessica@mazzolalindstrom.com

10