## WILKOFSKY, FRIEDMAN, KAREL & CUMMINS

| | | |
|---|---|---|
| JONATHAN J. WILKOFSKY♦ | ATTORNEYS AND COUNSELORS AT LAW | FLORIDA OFFICE: |
| MARK L. FRIEDMAN♦ | 299 BROADWAY • SUITE 1700 | 270 SOUTH CENTRAL BLVD, STE. 203 |
| HARRY A. CUMMINS◊♦▲ | NEW YORK, NEW YORK 10007 | JUPITER, FL 33458 |
| ROMAN RABINOVICH◊♦ | TEL: (212) 285-0510 / (888) 285-0510 | |
| | FAX: (212) 285-0531 / (877) 285-1341 | LOUISIANA OFFICE: |
| DAVID B. KAREL(Deceased) | | 330 CARONDELET STREET |
| | | NEW ORLEANS, LA 70130 |
| R. RAY ORRILL, JR., • OF COUNSEL | www.wfkclaw.com | |
| LESLIE E. LITTLE, ■ OF COUNSEL | | NEW JERSEY OFFICE: |
| KEITH A. SELDIN, *♦ OF COUNSEL | | 300 CARNEGIE CENTER |
| KEVIN A. COLES, □ OF COUNSEL | | PRINCETON, NJ 08540 |
| LESLIE JONES-THOMAS, ♦ OF COUNSEL | | |
| DAVID C. INDIANO, ◦▼OF COUNSEL | | PENNSYLVANIA OFFICE: |
| JEFFREY M. WILLIAMS, ▼OF COUNSEL | | 1760 MARKET STREET, SUITE 601 |
| | | PHILADELPHIA, PA 19103 |
| □ADMITTED CT | | |
| *ADMITTED FL | | PUERTO RICO OFFICE: |
| •ADMITTED LA | | 207 DEL PARQUE STREET, 3RD FL. |
| ◊ADMITTED NJ | | SAN JUAN, PR 00912 |
| ♦ADMITTED NY | | |
| ◦ ADMITTED OH | | TEXAS OFFICE: |
| ▲ADMITTED PA | | 2229 SAN FELIPE, SUITE 1000 |
| ▼ADMITTED PR | | HOUSTON, TX 77019 |
| ■ADMITTED TX | | |

March 7, 2025

**VIA PACER**
Hon. Michael A. Shipp
United States District Court
District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

        RE:  KEVIN BEASLEY and KEVIN BEASLEY STUDIO, LLC v. MICHAEL FANELLI
            Our File No.: 24J179
            Docket No.: 3:24-cv-09172-MAS-RLS

Dear Judge Shipp:

  Please accept this letter in lieu of a formal affirmation in further support of Defendant's motion to vacate the judgment entered against him.

  Initially, Plaintiffs' counsel's challenge as to the validity and credibility of Defendant's valid assertion that he was not properly served in this action is simply without merit. The purported service of suit which amounted to dropping of papers in our client's driveway, as well as clear misrepresentations regarding the use of a broken doorbell clearly raise serious questions regarding whether proper service of suit was effectuated.

  Counsel's assertions that the New York judgment should automatically be entitled to full faith and credit ignores the fact that she failed to effectuate proper service upon the Defendant in her effort to have the judgment entered in New Jersey, an essential prerequisite therefore.

**WILKOFSKY, FRIEDMAN**                                                           **March 7, 2025**
**KAREL & CUMMINS**                                                                **PAGE -2-**

      Counsel for Plaintiffs has, interestingly, not challenged the documentation provided to the Court which undeniably vests title of the vehicle in question with the Defendant herein. This clearly lays the foundation for a meritorious defense as required to successfully challenge this default judgment.

      Finally, we wish to bring to the Court's attention that we are currently in the process of moving to vacate the New York judgment. We acted first to challenge the default judgment in New Jersey, as Defendant is a resident of this state, and as such would potentially be more directly affected by the outcome of this judgment.

      Accordingly, for all the foregoing reasons we respectfully request that the court vacate the judgment entered in New Jersey, and permit our client to defend this questionable lawsuit on the merits.

                                          Respectfully,

                                          WILKOFSKY, FRIEDMAN
                                            KAREL & CUMMINS

                           By:  *Harry Cummins*
                                  HARRY A. CUMMINS
                                  299 Broadway, Suite 1700
                                  New York, New York 10007
                                  hcummins@wfkclaw.com
                                  (212) 285-0510

HC:pl
24J179.C1